UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BIG DADDY GAMES, LLC,

        Plaintiff,

v.                                      Case No. 12-C-475

REEL SPIN STUDIOS, LLC, et al.,

        Defendants.

**DECISION AND ORDER GRANTING MOTION TO TRANSFER**

In August 2011, Plaintiff, along with Tocatta Gaming International, LLC (not a party here), filed an action in the Western District of Wisconsin against the Defendants named in the present action. In September 2011, Judge Crabb, after a hearing involving six witnesses, denied the Plaintiffs' motion for a preliminary injunction, finding that they had a low likelihood of success on the merits. On March 29, 2012, Judge Crabb issued a nineteen-page decision granting, in most respects, the Defendants' motion to dismiss. Judge Crabb allowed one claim to survive, but expressed some skepticism about the viability of that claim. (Dkt. # 26, Ex. 10.) The claims were dismissed with the understanding that the Plaintiffs would be allowed to file an amended complaint that would, in the Judge's words, "bolster" their claims. The Plaintiffs did file an amended complaint, and the Defendants then filed another motion to dismiss. Soon after, the Plaintiffs voluntarily dismissed their action.

Roughly six weeks after Judge Crabb dismissed two of its three claims, the Plaintiff (without its co-plaintiff from the Western District case) filed this action in the Eastern District. The Defendants now move to dismiss on the grounds that the present action is a blatant attempt to forum-shop in light of the Western District's adverse rulings.

On a motion for a change of venue, a district court considers the plaintiff's choice of forum, the convenience of the parties and the witnesses, as well as the interest of justice. 28 U.S.C. § 1404(a). This is not the typical *forum non conveniens* case, however. Whether the dispute is heard in Green Bay or Madison is of little moment to either side. An appearance in court will involve a commute for all parties, and of course actual live appearances in court in civil cases are becoming less common. Witnesses and evidence exists throughout this part of the state, easily accessible from Madison or Green Bay. Plaintiff's suggestions to the contrary must be taken with a grain of salt, given that it originally filed the case in the very forum it now alleges is less convenient. Having already filed an action in the Western District, the Plaintiff is all but estopped from arguing that its original choice of forum is somehow inconvenient. At a minimum, the fact that this forum is Plaintiff's *second* choice means its current preference is afforded little deference.

This is not a convenience case but one involving the "interests of justice" aspect of § 1404. The interests of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986). Here, the Defendants argue that Judge Crabb is already familiar with the dispute, given that she held a preliminary injunction hearing with several live witnesses and later issued a lengthy decision on the merits of the complaint. Thus, allowing that court to continue

2

hearing the dispute would save judicial resources. In addition, in more general terms the interests of justice would be served if litigants are prevented from shopping for new forums when things don't go their way in the original forum.

Plaintiff protests that this filing is about convenience to the parties and nothing more. The dismissal in the Western District action played no role in its decision to seek another forum for its dispute with the Defendants. The Plaintiff's explanation does not convince. If this were truly about "convenience," things would have played out differently: Plaintiff would either have filed the original action in *this* district, or it would have voluntarily dismissed the Western District action at an earlier stage and then re-filed here. Plaintiff does not explain what it is about *this* forum that suddenly became more convenient in the weeks following Judge Crabb's dismissal. The only thing that changed was that the judge hearing Plaintiff's case had expressed skepticism about its prospects.

Moreover, Judge Crabb granted leave to file an amended complaint. The normal course would be to simply file such a complaint (which Plaintiff did) and proceed with the case before the same judge, not to drop the case entirely and re-file somewhere else. By granting leave to re-file, Judge Crabb was inviting Plaintiffs to cure the defects that she had herself identified, not to try again with a different judge.

Immediately after Plaintiffs filed an amended complaint in the Western District action, the Defendants moved to dismiss. It was then that the Plaintiffs voluntarily dismissed their case. Given those circumstances, Plaintiff knew that if it re-filed somewhere else, the Defendants would be ready to file a motion to dismiss forthwith, which they did here. Thus, Plaintiff apparently believed it was appropriate to file a new action and require a new judge to sift through the same complaint

and address the same legal issues that another judge had decided only weeks earlier, merely on the basis that such a course was somehow more "convenient," a concern that materialized out of the ether only after the judge in the "inconvenient" district (which Plaintiff itself had selected) had ruled against it. Plaintiff's $350 filing fee does not entitle it to such largesse at the expense of the judiciary, other litigants, and the taxpaying public.

Defendants have also moved for attorney's fees under Fed. R. Civ. P. 41(d). That section provides:

> Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

Part of the "costs" of a previous lawsuit can include attorney's fees when the underlying statute considers fees to be part of awardable costs. *Esposito v. Piatrowski*, 223 F.3d 497, 500–01 (7th Cir. 2000). Here, however, awarding fees and costs for the *previous* lawsuit does not appear to be the proper remedy. In transferring the case to the Western District, I am concluding not that previous efforts there were wasteful but that the efforts *here* were wasteful. Indeed, my decision to transfer rests largely on the fact that the parties have already expended significant efforts in that district, efforts whose fruit should be harvested in the field where the seeds were planted. Accordingly, I do not find § 41(d) applicable to these circumstances. This, of course, does not preclude Defendants from seeking some other sanction in the transferee court. I merely conclude that awarding costs for the litigation begun in the Western District is not a proper remedy here.

For the reasons given above, this case is **TRANSFERRED** to the Western District of Wisconsin. The motion to transfer is **GRANTED**. The motion for attorney's fees and costs is **DENIED**.

**SO ORDERED** this    25th    day of June, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
