IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BIG DADDY GAMES, LLC,

                                                    OPINION AND ORDER

                Plaintiff,

                                                    12-cv-449-bbc

     v.

REEL SPIN STUDIOS, LLC;
GAME MANAGEMENT CORP.;
JAMES L. DONKER; DAVID E. GROND;
PATRICK YOUNG; WILLIAM STIMAC;
MICHAEL LINDEMAN; RHODY R. MALLICK;
DALE CEBULA; KATHLEEN MALONEY;
MATTHEW BARRETT; ROBERT L. DIENER;
THE LYONS DEN DL, LLC; NIGL'S, INC.;
GAMEDAY SPORTS BAR, INC.;
ANTLERS SPORTS BAR & GRILL, LLC;
OSHKOSH LANES LLC; BACK AGAIN
STADIUM BAR, INC.; MR. D'S TWO, LLC;
SUSIE'S TRACKSIDE LLC; LAST HURRAH LLC;
HOTEL PUB, L.L.P.; WOOD SHED, INC.;
GEORGE SIMONIS; Q GAME TECHNOLOGIES
PTY LTD; and NICK MCLEOD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was scheduled for trial on June 3, 2013 but settled by agreement of the parties.

In August 2013, the court entered an order that read in relevant part as follows:

> IT IS ORDERED that, in accordance with the parties' stipulation for dismissal, dkt. # 330, the parties' claims against each other are dismissed with prejudice and without costs, subject to the terms of the settlement agreements between the parties and the terms of the permanent injunctions entered on June 4, 2013.

1

Dkt. #333.

On November 25, 2013, plaintiff Big Daddy Games, LLC moved for entry of separate judgments against defendants Reel Spin Studios, LLC, Michael Lindeman, William Stimac, Robert Diener, Matthew Barrett, Q Game Technologies Pty, Ltd, Nick McLeod and Patrick Young, dkt. #335, contending that they had breached the settlement agreement and seeking relief in the form agreed to in the agreement:

> 2. Remedies for Default in Payment of Settlement Amount. In the event Defendants fail to make any payment of the Settlement Payment owed under this Agreement within ten (10) business days of the date it is due, then Plaintiff shall have the right to obtain a judgment against Defendants, without notice, for the outstanding amount not paid plus interest at five (5) percent annually. Plaintiff, however, must apportion the outstanding amounts as against each individual listed Defendant based upon the following percentages: Barrett: 1%; QGame and McLeod, jointly and severally, for 1%; Diener: 31%; Reel Spin, Lindeman and Stimac, jointly and severally, for 67%.

Attached to the motion were proposed judgments against each of the defendants listed in their motion.

Defendants responding to the motion, saying that the settlement agreement was never part of this closed case, that plaintiff is trying to pursue a breach of contract claim and that it has failed to show how this court would have jurisdiction to hear such a claim. In reply, plaintiff cites the court's August 16, 2013 order, which provided that "the parties' claims against each other are dismissed with prejudice and without costs, subject to the terms of the settlement agreements between the parties," and points out that the settlement agreement included the following paragraph:

> 20. Jurisdiction-Personal. This Agreement shall be deemed to have been accepted and signed in Wisconsin. In the event of any dispute arising

2

>out of or related to this Agreement, Plaintiff and Defendants and Young consent to in personam jurisdiction and to venue exclusively in the District Court for the Western District of Wisconsin. Cited to [DKT #337].

Dkt. #336-1.

By itself, the reference to the settlement agreement in the court's August 2013 order might have been enough to preserve this court's jurisdiction to entertain plaintiff's attempt to enforce the judgment, but plaintiff asked for, and was granted, dismissal with prejudice. The law in this circuit is that dismissing a case with prejudice and retaining jurisdiction to enforce a settlement agreement are incompatible acts. "A district judge cannot dismiss a case with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006) (citing Lynch v. SamataMason, Inc., 297 F.3d 487, 489 (7th Cir. 2002)). See also Bond v. Uteras, 585 F.3d 1061, 1079 (7th Cir. 2009) ("[T]o support an exercise of ancillary jurisdiction postjudgment, there must be an express reservation of jurisdiction in the judgment.") (citing Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 380 (1994)). I conclude therefore that plaintiff's motion to enter judgments against defendants Reel Spin Studios, LLC, Michael Lindeman, William Stimac, Robert Diener, Matthew Barrett, Q Game Technologies Pty, Ltd, Nick McLeod and Patrick Young must be denied.

ORDER

IT IS ORDERED that plaintiff Big Daddy Games, LLC's motion for judgments against

defendants Reel Spin Studios, LLC, Michael Lindeman, William Stimac, Robert Diener, Matthew Barrett, Q Game Technologies Pty, Ltd, Nick McLeod and Patrick Young, , dkt. #335, is DENIED.

Entered this 9th day of January, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4